**FILED**
**MAY 26 2005**
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RODNEY JACKSON, | ) | CIV 04-4210-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WARDEN BOYD, Warden of Minnehaha | ) | AND ORDER |
| County Jail; ASSOCIATE WARDEN TIM | ) | |
| DEVLIN, SGT. HICKS, Minnehaha County | ) | |
| Jail; ALL OF MINNEHAHA COUNTY JAIL | ) | |
| AND MEDICAL STAFF; RANDY HEAD, | ) | |
| Minnehaha County Jail Medical Dept., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Rodney Jackson, an inmate at Minnehaha County Jail, brings this action under 42 U.S.C. § 1983. He alleges in his complaint that his right to due process was violated when the same officer who investigated a disciplinary charge against plaintiff also served as the hearing officer for the same charge. Defendants now move for summary judgment.

## FACTS

On December 4, 2004, plaintiff was placed on administrative lock down for fighting. Complaint 3. Plaintiff alleges that Sergeant Hicks not only investigated the incident but served as the hearing officer at his disciplinary hearing. Id. Plaintiff alleges that he requested a different hearing officer, but his request was refused and the hearing was held outside of his presence. Id.

The statement of undisputed facts submitted by defendants state that Sergeant Hicks was the shift supervisor on duty at the time of the altercation but was not in plaintiff's unit at the time. Defendants' Statement of Undisputed Material Facts (DSMF) 4. The altercation was witnessed by Officer Mulroy, who spoke with both parties after the fight. DSMF 6, 11-12. The incident

was also investigated by Deputy Mark Jastram. DSMF 13. As part of her investigation, Officer Mulroy prepared an Informational Report and a Rule Infraction Report. DSMF 18-19. Sergeant Hicks signed the Rule Infraction Report as confirmation that the proper procedure had been filed. DSMF 20.

Sergeant Hicks and Officer Krista Epperson were assigned to preside over plaintiff's disciplinary hearing. DSMF 22. Defendants allege that when plaintiff learned that Sergeant Hicks had been assigned as part of the disciplinary hearing board, he refused to participate because she had previously viewed the security video of the altercation. DSMF 23.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is

properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 106 S. Ct. at 1356.

Based on the foregoing, the trilogy of Celotex, Anderson, and Matsushita provides the Court with a methodology in analyzing a motion for summary judgment. See generally 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 5.04 (2d ed. 1991) (discussing the standards for granting summary judgment that have emerged from Matsushita, Celotex, and Anderson). Under this trilogy, it is incumbent upon the nonmoving parties to establish significant probative evidence to prevent summary judgment. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 979 (8th Cir. 1991).

## DISCUSSION

First, the Court notes that plaintiff has not responded to defendants' motion for summary judgment or defendants' statement of material facts. Pursuant to Local Rule 56.1(D), "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." In other words, by failing to respond to defendants' statement of material facts, those facts are deemed admitted by plaintiff.

Furthermore, the Eighth Circuit Court of Appeals has held that "'due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or

prosecution of the articular case, or has had any other form of personal involvement in the case.'" Malek v. Camp, 822 F.2d 812, (8th Cir. 1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 592, 94 S. Ct. 2963, 2992, 41 L. Ed. 2d 935 (1994) (Marshall, J., concurring)). There were two officers assigned to hear plaintiff's case - Officer Epperson and Sergeant Hicks. There is no question that Officer Epperson was not personally involved with this matter prior to the hearing. As for Sergeant Hicks, based upon the undisputed material facts, it appears that she, too, did not have any form of personal involvement in the matter prior to her participation in the disciplinary hearing board. The fact that Sergeant Hicks was a shift supervisor and reviewed the forms to determine if proper procedure was followed does not mean that she was personally involved in the investigation or prosecution of this matter.

Plaintiff also wishes to hold Warden Boyd and Associate Warden Devlin liable for the actions of Hicks. "A section 1983 action against supervisory officers cannot be based on the theory of respondeat superior. A supervisor will only be liable if he fails to train or control the subordinates who cause the plaintiff's injury." White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988) (citations omitted). Plaintiff has not alleged any facts which show personal involvement on the part of Warden Boyd or Associate Warden Devlin, therefore, his claims against these two individuals must fail.

Plaintiff also names the Minnehaha County Jail and Medical Staff in his complaint. In the Order dated January 21, 2005, the Court ordered all of plaintiff's other claims dismissed including his claim against the medical staff. The Court now finds that plaintiff's claim against the Minnehaha County Jail must also be dismissed. Minnehaha County cannot be held liable under a § 1983 claim on the theory of respondeat superior. See Occhino v. United States, 686 F.2d 1302, 1310 (8th Cir. 1982). Liability may only be predicated upon Minnehaha County's own

actions as evidenced through its policies or customs. See id. Plaintiff has not alleged a policy or custom that would provide the basis for a finding of liability on the part of Minnehaha County Jail. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket #46) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for compensation and filing fees (Docket #6) is denied.

Dated this 26 day of May, 2005.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE